UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | | | |
|---|---|---|---|
| **CIVIL MINUTES - GENERAL** | | | JS-6 |
| Case No. | CV 12-9767-CAS<br>CV 12-9773-CAS | Date | July 11, 2013 |
| Title | IN RE: ADINA ZAHARESCU | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants |
| Not present | | Not present |

**Proceedings:**   (IN CHAMBERS): APPEAL FROM BANKRUPTCY COURT
(filed November 15, 2012)

## I.   INTRODUCTION

On July 21, 2012, plaintiff-appellant Adina Zaharescu filed the instant adversary complaint against defendants-appellees Deutsche Bank National Trust Company, as Trustee for Asset-Backed Pass-Through Certificate Series 2004-FR1 ("Deutsche Bank"); Ameriquest Mortgage Company ("Ameriquest Mortgage"); Ameriquest Mortgage Securities, Inc. ("Ameriquest Securities"); Litton Loan Servicing LP ("Litton"); Ocwen Loan Servicing LLC ("Ocwen"); and Quality Loan Servicing ("Quality").  Case No. 1:12-AP-1251, Dkt. No. 1.  The adversary proceeding is related to Zaharescu's Chapter 11 case.  See In re Adina I. Zaharescu, Case No. 1:12-bk-11362.

After a hearing, Bankruptcy Judge Maureen Tighe granted defendants' respective motions to dismiss with prejudice on the grounds of res judicata.  Adversary Proceeding ("AP") Dkt. No. 34; Excerpts of Record ("ER") 166–67.  On November 15, 2012, Zaharescu filed notices of appeal from each of these orders and elected to have her appeals heard by the district court.

On February 19, 2013, appellant filed her opening brief in this matter.  On March 5, 2013, appellees filed their respective responses.  On March 11, 2013, appellant filed reply briefs in support of her initial brief.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-9767-CAS<br>CV 12-9773-CAS | Date | July 11, 2013 |
|---|---|---|---|
| Title | IN RE: ADINA ZAHARESCU | | |

## II. BACKGROUND

As the bankruptcy court found, appellant first filed suit against defendants Ameriquest Mortgage, Deutsche Bank, and Litton, among others, on April 8, 2009, in the United States District Court for the Central District of California. ER at 36. In that suit, appellant alleged various improprieties related to the origination and handling of her loan, secured by real property located at 4351 La Barca Drive, Tarzana, California. ER at 81. She ultimately defaulted under the terms of deed of trust and note. In the original action, appellant asserted claims for: (1) cancellation of written instrument; (2) fraud; (3) declaratory relief; (4) injunctive relief; (5) violations of the Truth in Lending Act; (6) quiet title; and (7) violations of the Real Estate Settlement Practices Act.

After providing appellant with two opportunities to amend her complaint, Judge Cormac J. Carney granted defendants' motions to dismiss appellant's complaint with prejudice and without leave to amend on November 13, 2009, as to all defendants except for Litton. After plaintiff filed an additional amended complaint, Judge Carney granted Litton's motion to dismiss with prejudice on March 17, 2010. Thereafter, judgment was entered against appellant and in favor of all defendants.

Appellant filed her adversary complaint in bankruptcy on July 21, 2012, asserting claims for (1) declaratory relief to determine the status of defendants' claims to her real property, discussed below; (2) negligence; (3) unjust enrichment; and (4) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Appellant also asserted an objection to Deutsche Bank's proof of claim. AP Dkt. No. 1. Her allegations in support of her adversary complaint largely mirror those of her action in federal district court, challenging the "securitization" process of her loan and various assignments subsequent to the loan's origination. Id.

## III. LEGAL STANDARD

Fed. R. Bankr. P. 8013 provides:

> On appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                                    JS-6

| Case No. | CV 12-9767-CAS<br>CV 12-9773-CAS | Date | July 11, 2013 |
|---|---|---|---|
| Title | IN RE: ADINA ZAHARESCU | | |

documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

A "finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Questions of law, such as a dismissal based on the doctrine of res judicata, are reviewed de novo. In re Dawson, 367 F.3d 1174, 1177 (9th Cir. 2004); In re Luna, 122 B.R. 575, 576 (9th Cir. BAP 1991). The Court "may affirm the bankruptcy court on any grounds supported by the record," In re Canino, 185 B.R. 584, 594 (B.A.P. 9th Cir. 1995).

### III.   ANALYSIS

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008). To determine the preclusive effect of a federal court judgment, the Court looks to federal common law. Id.

In a federal-question case, the Court applies the "uniform federal rules" of res judicata announced by the United States Supreme Court. Id. (citing Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 507–508 (2001). In diversity cases, on the other hand, "federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." Id.

The bankruptcy court here applied California law in determining the preclusive effect of the 2009 federal court action. However, the federal court action was brought on the basis of a federal question, with the district court exercising supplemental—not diversity—jurisdiction over plaintiff's remaining claims. See 28 U.S.C. § 1367(a). "Where, as here, federal-court jurisdiction is based on the presence of a federal question, federal preclusion doctrine applies." See Chudacoff v. Univ. Med. Ctr., Case No. 11-16232, 2013 WL 1679357 (9th Cir. Apr. 18, 2013) (unpub.) (applying federal common law rules of res judicata to a judgment rendered by a federal court exercising

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-9767-CAS<br>CV 12-9773-CAS | Date | July 11, 2013 |
|---|---|---|---|
| Title | IN RE: ADINA ZAHARESCU | | |

federal-question jurisdiction and supplemental jurisdiction over state law claims). These "uniform federal rules" do not incorporate state law.

Even if federal common law supplies the proper principles of res judicata, however, the Court concludes that the bankruptcy court was correct to find appellant's claims barred in this instance. Under both the California and federal rules of res judicata, appellant's claims are precluded.

###     A.    Claim Preclusion

Under federal law, claim preclusion "is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." United States v. Liquidators of European Fed. Credit Bank, 630 F.3d 1139, 1150 (9th Cir. 2011) (quoting Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003)).

First, the bankruptcy court correctly found that the element of privity is satisfied. It is true that Ocwen and Ameriquest Securities were not parties to the 2009 action, but the bankruptcy court found that these parties were in privity with Litton and Ameriquest Mortgage, respectively. Appellant offers no reason to disturb this factual finding on appeal.

Second, to determine if there is an "identity of claims," the Ninth Circuit has applied the following four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

United States v. Liquidators of European Fed. Credit Bank, 630 F.3d 1139, 1150 (9th Cir. 2011) (quoting Costantini v. Trans World Airlines, 681 F.2d 1199, 1202 n. 7 (9th Cir. 1982)). The final factor is the most important in this determination. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-9767-CAS<br>CV 12-9773-CAS | Date | July 11, 2013 |
|---|---|---|---|
| Title | IN RE: ADINA ZAHARESCU | | |

    Applying these factors, the Court agrees with the bankruptcy court that there is an identity of claims between the prior action and the present adversary complaint. As the district court found in the 2009 proceeding, appellant's claims arose out of her agreement with Ameriquest in February 2004 to refinance her home loan with an adjustable-rate mortgage, and the foreclosure that followed plaintiff's default on this loan. In this action, appellant also challenged the various assignments of the note that occurred, including the securitization process under a "Pooling and Service Agreement," and she further sought to a declaration as to her right to cancel the deed of trust. See AP Dkt. No. 13-7.

    In her adversary complaint, appellant likewise challenges the origination of her loan and the "securitization process" that occurred thereafter. AP Dkt. No. 1. She again alleges that various assignments occurring in 2008 and 2009, before the pendency of her prior federal court action, are void and of no effect, and she seeks to identify the "true" holder of her note. These allegations all arise out of the same nucleus of operative fact, stemming from the same transactions leading to her prior lawsuit, as the bankruptcy court properly found. See ER at 175 (finding that appellant's claims "arise out of the same alleged factual situation").

    Moreover, based on these allegations, it is clear that appellant intends to offer substantially the same evidence centered around a determination of the "same right"; namely, appellant seeks a determination as to the rights of the various defendants to foreclose on her property and collect on the note. The fact that appellant asserts different claims in her adversary proceeding does not detract from the fundamental identity of the relief that she seeks in both this and the former litigation, which strongly supports the application of claim preclusion here.

    Finally, appellant's contention that the 2009 judgment was not "on the merits" is unavailing. As the Ninth Circuit has held, the phrase "dismissal with prejudice" is a form of a final judgment on the merits, Stewart v. U.S. Bancorp, 297 F.3d 953, 956–57 (9th Cir. 2002), and the district court entered judgment to this effect in finding that appellant failed to state a claim for relief. The district court expressly found that all of appellant's claims asserted in the underlying federal proceeding failed on the merits and did not—contrary to appellant's argument—dismiss any claim based on appellant's lack of constitutional standing. In addition, the district court's dismissal of many of appellant's claims as time-barred operates as a judgment on the merits. See Tahoe-Sierra, 322 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-9767-CAS<br>CV 12-9773-CAS | Date | July 11, 2013 |
|---|---|---|---|
| Title | IN RE: ADINA ZAHARESCU | | |

at 1081. Accordingly, the Court agrees with the bankruptcy court that the dismissal of appellant's federal court action was a final judgment on the merits for purposes of invoking res judicata in the instant proceedings.

Because all three elements for the application of res judicata are met here, the Court concludes that the bankruptcy court correctly dismissed the majority of appellant's adversary complaint on the grounds of claim preclusion as to all defendants. Appellant has not offered a compelling reason as to why claim preclusion should not act to preclude the present adversary proceeding, and therefore the bankruptcy court's conclusion will not be disturbed.

### B.   Issue Preclusion

Appellant further alleges that Litton and Deutsche Bank filed various documents with the bankruptcy court in December 2009 and September 2011 that were inaccurate or fraudulent. See AP Dkt. No. 1, ¶¶ 50–54. These are the only allegations in her adversary complaint that concern conduct occurring after the instigation of her 2009 federal lawsuit. Although claims based on these allegations are not barred by claim preclusion, these claims are barred by the related doctrine of issue preclusion.

In particular, collateral estoppel, or issue preclusion, "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." Taylor, 553 U.S. 880, 892 (2008) (quotation omitted). "Collateral estoppel bars a party from relitigating an issue if (1) the issue at stake is identical to the one alleged in the prior litigation; (2) the issue was actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation was a critical and necessary part of the judgment in the earlier action." Figueroa v. Campbell Indus., 45 F.3d 311, 315 (9th Cir. 1995).

However labeled, the issues underlying appellant's allegations in her adversary proceeding are identical to those "actually litigated and resolved" in her prior lawsuit and essential to the judgment of that court. As before, appellant's assertion is that defendants' bankruptcy filings are impermissible for all of the same reasons she asserted in her previous lawsuit, related to various assignments of the note and the securitization

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-9767-CAS<br>CV 12-9773-CAS | Date | July 11, 2013 |
|---|---|---|---|
| Title | IN RE: ADINA ZAHARESCU | | |

process, presenting the same legal issues that were already adjudicated in defendants' favor on the merits. The fact that these bankruptcy court filings post-dated the judgment in the underlying federal action is therefore of no effect here, where the issues to be resolved in both instances—with respect to the rights of defendants' to foreclose—are the same. Accordingly, the Court concludes that issue preclusion bars appellant's claims to the extent that these claims are premised upon events occurring after her prior federal action.

Moreover, even if appellant's allegations concerning the bankruptcy court filings were considered on the merits, appellant is clearly unable to state a claim. The state law claims asserted in her adversary complaint are preempted by application of the Bankruptcy Code. See In re Chaussee, 399 B.R. 225, 232 (B.A.P. 9th Cir. 2008) (noting that the Ninth Circuit has "steadfastly held that the [Bankruptcy] Code preempts substantive state law claims and remedies for alleged misconduct that occurs in connection with a bankruptcy case"). Her claim under the FDCPA, while not technically preempted, is similarly precluded. See id. at 241 (holding that a debtor may not assert an FDCPA claim arising out of a creditor's filing of a proof of claim in bankruptcy, as this would circumvent the established bankruptcy rules and procedures for addressing the filing of "bogus" claims). Appellant fails to state a claim on this additional basis.

### C. Additional Issues

Appellant avers that a further issue on appeal is whether she is "barred from Objecting to defendant's Proof of Claim in [the] Bankruptcy case which is based upon false, fabricated, and fraudulent documents filed in support of their claim in 2011–2012." Opening Brief at 2. Nothing in the bankruptcy court's orders presently on appeal address this issue, however, and therefore the Court declines to consider it in the first instance on appeal.
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 12-9767-CAS<br>CV 12-9773-CAS | Date | July 11, 2013 |
|---|---|---|---|
| Title | IN RE: ADINA ZAHARESCU | | |

## V. CONCLUSION

In accordance with the foregoing, the Court AFFIRMS the orders of the bankruptcy court granting defendants-appellees' motions to dismiss.

IT IS SO ORDERED.

                                                                                00 : 00

Initials of Preparer      CMJ